Case 2:18-cv-00232   Document 69   Filed on 10/17/18 in TXSD   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
October 17, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| BRIAN KOPATZ, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:18-CV-232 |
| § | |
| DIRECTOR TDCJ-CID, § | |
| § | |
| Defendant. § | |

# MEMORANDUM AND RECOMMENDATION

Petitioner Brian Kopatz is an inmate in the Texas Department of Criminal Justice - Criminal Institutions Division (TDCJ-CID) and currently is incarcerated at the Berry Telford Unit in New Boston, Texas. Proceeding *pro se*, Petitioner filed this petition pursuant to 28 U.S.C. §§ 2241 and 2254 on June 5, 2017.[1] Petitioner claims that his constitutional rights were violated during trial proceedings and also that his sentence is not being calculated correctly. Respondent filed a motion to dismiss on February 26, 2018 (D.E. 34) to which Petitioner responded on September 28, 2018 (D.E. 66). For the reasons set forth below, it is recommended that Respondent's motion be denied, but that Petitioner's application be dismissed without prejudice because his claims are still pending at the Texas Court of Criminal Appeals. It is further recommended that any request for a Certificate of Appealability be denied.

---

[1] Petitioner stated under penalty of perjury that he placed his petition in the prison mailing system on June 5, 2017 and it is considered filed as of that date. *See Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998) and Rule 3, Rules Governing Section 2254 Cases.

Also pending are Petitioner's motion for a bench warrant (D.E. 63), motion to obtain "Exhibit N" (D.E. 65), a second motion for a bench warrant (D.E. 66), motion for discovery and an evidentiary hearing (D.E. 67), and a motion for a preliminary injunction (D.E. 68). It is recommended that these motions be administratively terminated.

## JURISDICTION

This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 and venue is proper here because Petitioner was convicted in Duval County, Texas, which is located in the Corpus Christi Division of the Southern District of Texas. 28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000).

## BACKGROUND

On January 28, 2000, Petitioner was indicted on two counts of murder related to the shooting death of Alma Perez, in Cause No. 00-CR-03 in the 229th District Court of Duval County, Texas (D.E. 35-1 at pp. 5-6); one count of capital murder related to the shooting death of Anna Hinojosa and Jesus Sanchez in Cause No. 00-CR-04-A (D.E. 35-2 at pp. 5-6); and two counts of attempted capital murder, related to the shooting of Matias Briones and Jason Rodriguez in Cause No. 00-CR-05-A (D.E. 35-3 at pp. 5-6). On October 12, 2000, Petitioner was charged by information with one count of murder related to the shooting death of Jesus Sanchez in Cause No. 00-CR-117-A (D.E. 35-4 at 5-6).[2] The shootings occurred on January 19, 2000 when Petitioner shot Alma Perez at her home and shot the remaining victims at a bar.

---

[2] The record is incomplete in this case and it is unclear why Petitioner was charged by information in a separate case based on Sanchez's death.

On November 28, 2000, Petitioner pleaded guilty and was assessed punishment as follows: (1) He pleaded guilty to the murder of Alma Perez in exchange for a plea bargain which required a minimum sentence of fifty years in TDCJ-CID. The court sentenced him to life (D. E. 35-1 at pp. 7-14; 135-138). (2) He pleaded guilty to the murder of Anna Hinojosa in exchange for a plea bargain which required a minimum of sentence of fifty years in TDCJ-CID. The court sentenced him to life (D.E. 35-2 at pp. 7-14; 135-138). (3) He pleaded guilty to attempted capital murder related to shooting Matias Briones and Jason Rodriguez in exchange for a plea bargain of twenty-five years in TDCJ-CID. The court assessed a twenty-five year sentence (D.E. 35-3 at pp. 7-14; 141-144); (4) He pleaded guilty to the murder of Jesus Sanchez in exchange for a plea bargain which required a minimum of fifty years in TDCJ-CID and for which the court assessed a life sentence (D.E. 35-4 at pp. 7-14; 144-147).

Petitioner did not file a direct appeal. At the time he filed this federal habeas petition, he had not filed an application for habeas relief in state court. However, after filing this federal habeas petition, he filed four applications for habeas relief in state court (D.E. 35-1 at pp. 142-160; D.E. 35-2 at pp. 140-158; D.E. 35-3 at pp. 148-166; D.E. 35-4 at pp. 151-169). The Texas Court of Criminal Appeals has not ruled on any of Petitioner's pending applications. *See* http://search.txcourts.gov/Case.aspx?cn=WR-87,997-02&coa=coscca (last viewed October 15, 2018). A review of that court's docket shows that on February 14, 2018 the court remanded the state habeas actions to the trial court with directions that the trial court order Petitioner's counsel respond to Petitioner's

allegations of a breached plea agreement, ineffective assistance of counsel, and that his attorney had a conflict of interest.

Petitioner argues that the sentence imposed in his case violates the terms of his plea bargains. He also argues that he has been denied transcripts and has been denied counsel. In addition, he asserts that it was error to convict him of the lesser included offense of murder in Anna Hinojosa's death in Cause No. 00-CR-04 when he was indicted for capital murder.[3]

Despite the fact that Petitioner's habeas claims are not exhausted, Respondent did not move to dismiss for failure to exhaust, but rather asserted that the petition is time-barred and should be dismissed with prejudice. However, it is clear that this habeas cause of action is unexhausted and therefore it is recommended that it be dismissed without prejudice.

## **APPLICABLE LAW**

**A. Exhaustion**

Under the applicable federal habeas corpus statutes, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that ... the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Thus, a petitioner "must

---

[3] Petitioner also asserted a number of 42 U.S.C. § 1983 causes of action and those claims were severed and are pending in the Beaumont Division of the Eastern District of Texas, where Petitioner originally filed this complaint. His habeas cause of action was transferred to this Court on July 26, 2018 (D.E. 51, 52).

exhaust all available state remedies before he may obtain federal habeas corpus relief." *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir.1995).

The exhaustion requirement "is not jurisdictional, but reflects the policy of federal-state comity, which is designed to give state courts the initial opportunity to consider and correct alleged violations of their prisoners' federal rights." *Morris v. Dretke*, 413 F.3d 484, 490-91 (5th Cir. 2005) (citing *Anderson v. Johnson*, 338 F.3d 382, 386 (5th Cir. 2003)). A petitioner's failure to comply with the exhaustion requirements precludes federal court review of his claims. *Deters v. Collins*, 985 F.2d 789, 797 (5th Cir. 1993). Exceptions exist only where there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant. *See* 28 U.S.C. § 2254(b)(1)(B). A petitioner may exhaust his state court remedies by filing either a petition for discretionary review or an application for habeas corpus relief with the Texas Court of Criminal Appeals. *Myers v. Collins*, 919 F.2d 1074, 1076 (5th Cir. 1990).

A court may *sua sponte* address the issue of exhaustion. *Tigner v. Cockrell*, 264 F.3d 521, 526 (5th Cir. 2001). A district court has authority to dismiss a federal petition that is filed while state remedies are still pending. *Brewer v. Johnson*, 139 F.3d 491, 493 (5th Cir. 1998). Under some circumstances, a district court may stay and abate a habeas petition. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005) (finding that stay and abeyance is appropriate where a petition contains both exhausted and unexhausted claims, there was good cause for the petitioner's failure to exhaust his claims in state court, and the claims are not plainly meritless).

In Petitioner's case, a review of the Texas Court of Criminal Appeals online docket shows that the four state habeas causes of action filed by Petitioner are still pending at the Texas Court of Criminal Appeals.  Because Petitioner's cause of action is wholly unexhausted, stay and abeyance of his federal petition is not warranted.  It is recognized that if Petitioner exhausts his state claims and returns to federal court, he will face the same challenge to the timeliness of his petition that Respondent raised in her motion to dismiss.  However, Fifth Circuit precedent is clear that the federal court should not address Petitioner's habeas claims until the state court has had a full opportunity to review the claims.  Accordingly, it is recommended that Petitioner's federal habeas corpus cause of action be dismissed without prejudice for failure to exhaust.[4]

## B. Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A).  Although Petitioner has not yet filed a notice of appeal, the issue of whether he is entitled to a COA will be addressed.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (finding a district court may sua sponte rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a

---

[4] A federal court may dismiss unexhausted habeas claims on the merits.  See 28 U.S.C. § 2254(b)(2).  However, Respondent did not address the merits of Petitioner's claims and the records from the state habeas court submitted by Respondent are incomplete.  Therefore, the merits of the claim cannot be addressed at this time.

constitutional right on the issues before that court.  Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

Where a district court rejects the constitutional claims on the merits, the petitioner must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327.

A slightly different standard applies when the claims are dismissed on procedural grounds.  In that instance, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added).

In Petitioner's case, it is recommended that his claims be dismissed on procedural grounds.  Reasonable jurists would not find it debatable that Petitioner's claims are unexhausted.  Therefore, it is further recommended that any request for a COA be denied because he has not made the necessary showing for issuance of a COA.

## **RECOMMENDATION**

It is respectfully recommended that Respondent's motion to dismiss Petitioner's claims as time-barred (D.E. 34) be DENIED. In addition, it is recommended that Petitioner's habeas corpus cause of action be DISMISSED without prejudice because his claims are pending at the Texas Court of Criminal Appeals and thus are unexhausted. It is also recommended that Petitioner's pending motions (D.E. 63, 65, 66, 67 and 68) be administratively terminated as moot. Finally, it is further recommended that a Certificate of Appealability be DENIED.

Respectfully submitted this 17th day of October, 2018.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).